**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CIRO FABIO TOVAR, *individually and on behalf of others similarly situated,*

                            *Plaintiff,*

-against-

THE EMPIRE SHOE REPAIRING CORP.
(D/B/A EMPIRE SHOE REPAIR) and
GEORGE DZHURAYEV,

                            *Defendants.*
-------------------------------------------------------X

Case No. 1:19-cv-03474-VSB
**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Ciro Fabio Tovar ("Plaintiff Tovar") on the one hand, The Empire Shoe Repairing Corp. (D/B/A Empire Shoe Repair) ("Defendant Corporation") and George Dzhurayev ("Individual Defendant) (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff Tovar alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff Tovar's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 1:19-cv-03474-VSB (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Tovar, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential wage and hour claims Plaintiff Tovar may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Tovar, the gross sum of Forty-Two Thousand Five-Hundred Dollars and No Cents ($42,500.00) (the "Settlement Amount") to be paid to Plaintiff Tovar's attorneys in one payment, as follows:

(a) The settlement payment will be Forty-Two Thousand Five-Hundred Dollars and No Cents ($42,500.00) for immediate deposit Sixty (60) days after court approval of the agreement, delivered to Plaintiffs' counsel. The payment shall consist of two separate checks: one check in the amount of $27,991.33 made payable to "Ciro Fabio Tovar" and one check in the amount of $14,508.67 made payable to "Michael Faillace and Associates, P.C." The checks shall be delivered to Plaintiff's counsel offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165.

Concurrently with the execution of this Agreement, Defendants The Empire Shoe Repairing Corp. (D/B/A Empire Shoe Repair) and George Dzhurayev, shall deliver to Defendants' counsel the settlement payments to be held in escrow by Defendants' counsel until approval of the Agreement by the court. Failure to deliver the funds to escrow shall be a default under this agreement, and if settlement payments are not timely paid per the terms of this agreement, Defendants expressly agree to pay Plaintiff's attorney's fees and costs associated with collection of the settlement funds.

2.  <u>Release and Covenant Not To Sue</u>:  Plaintiff Tovar hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Tovar at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff Tovar from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Tovar relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.  <u>No Admission of Wrongdoing</u>:  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.  <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Tovar and Defendants.

5.  <u>Acknowledgments:</u>  Plaintiff Tovar and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.  <u>Notices</u>:  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Tovar:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Ilevu (Leo) Yakubov, Esq.
8002 Kew Gardens Road, Ste, 300
Queens, New York 11415
Tel: (718) 772-8704
Fax: (718) 228-2576
Email: Leo@YakubovLaw.com

7. <u>Effective Date:</u> The "Effective Date" of the Settlement Agreement means the day the Court has entered an Order approving the settlement as memorialized by this Agreement.

8. <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Tovar agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification:</u> Defendants advised Plaintiff Tovar to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Tovar acknowledges that he has consulted with Michael Faillace & Associates, P.C., Plaintiff Tovar acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Tovar confirms that

this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

<u>PLAINTIFF:</u>

By: _____   Date: 8-1-2020

CIRO FABIO TOVAR

SWORN TO AND SUBSCRIBED TO BEFORE ME THIS 8 DAY OF JANUARY, 2020

_____
NOTARY PUBLIC

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

<u>DEFENDANTS:</u>

*Defendant Corporations*

By: _____   Date: 1/8/2020

THE EMPIRE SHOE REPAIRING CORP. (D/B/A EMPIRE SHOE REPAIR)

SWORN TO AND SUBSCRIBED TO BEFORE ME THIS 8 DAY OF January, 2020

_____
NOTARY PUBLIC

ILEVU YAKUBOV
Notary Public, State of New York
02YA6327144
Qualified in Queens County
Commission Expires June 29, 2023

*Individual Defendant*

By:

_____          Date: ___1/8/2020___
GEORGE DZHURAYEV

SWORN TO AND SUBSCRIBED TO BEFORE ME THIS 8 DAY OF January 2020

_____
NOTARY PUBLIC

ILEVU YAKUBOV
Notary Public, State of New York
02YA6327144
Qualified in Queens County
Commission Expires June 29, 2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIRO FABIO TOVAR, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>THE EMPIRE SHOE REPAIRING CORP. (D/B/A EMPIRE SHOE REPAIR) and GEORGE DZHURAYEV,<br><br>*Defendants.* | Case No. 1:19-cv-03474-VSB<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act of New York Labor Law, or any federal, state, or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint, or any claims that were asserted and alleged in the Complaint.

      **IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Daniel Tannenbaum, Esq.
60 East 42nd Street, Suite, 4510
New York, New York 10165
(212) 317-1200
dtannenbaum@faillacelaw.com
Attorney for Plaintiff

Yakubov Law

By: _____
Ilevu (Leo) Yakubov, Esq.
8002 Kew Gardens Road, Ste, 300
Queens, NY 11415
(718) 772-8704
leo@yakubovlaw.com
Attorney for Defendants

SO ORDERED:

_____
Judge Vernon S. Broderick