USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CIRO FABIO TOVAR,

                 Plaintiff,

         -v-

THE EMPIRE SHOE REPAIRING CORP.,
*doing business as* EMPIRE SHOE REPAIR,
et al.

                 Defendants.
------------------------------------------------------------- X

19-CV-3474 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Docs. 21, 24.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the parties' settlement is fair and reasonable and therefore approve the settlement.

      **I.**    **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.     Discussion

Pursuant to my Order of November 25, 2019, (Doc. 21), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable, (Doc. 24). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the settlement agreement of the parties.

### A.     *Settlement Amount*

I first consider the settlement amount. The agreement provides for a settlement amount of $42,500.00, with $14,508.67 to be distributed in attorney's fees and costs, for a total distribution to

Plaintiff of $27,991.33. (Doc. 24-1.) Counsel represents that the maximum recovery for the Plaintiff in this case would be $178,459.06, which represents total actual damages, penalties, and interest. (Doc. 24, at 2.) While the settlement amount is therefore only a fraction of the total amount Plaintiff claims could be recovered, the parties assert that this settlement is fair in light of the litigation risks particular to this case. For instance, Defendants adamantly contended throughout this litigation that Plaintiff did not work the number of hours that he claimed, and assert that Plaintiff took multiple vacations throughout his employment. (*Id.* at 2.) Defendants would provide testimony and documentary evidence to support these defenses, and also dispute Plaintiff's demand for liquidated damages. (*Id.*; *see also* Doc. 19, at 1.) Defendants also represent that due to reduced business, their ability to pay a full judgment in this case is limited. (Doc. 19, at 2.) The parties' settlement agreement appears to have been the result of arm's-length negotiations, and was finalized after a mediation session with the Southern District Mediation Office. In addition, the potential costs of continued litigation militate in favor of settlement of this case. The parties reached a settlement prior to the close of discovery, and would face costly additional proceedings, motion practice, or an eventual trial should I reject the settlement. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

   **B.** *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement. The attorney's fees and costs sought total $14,508.67, $513.00 of which are costs. (Doc. 24-3.) $14,508.67 represents approximately one-third of the total settlement amount. In support of this request, Plaintiff's counsel has submitted its billing records and costs in this case, which total $6,838. (*Id.*) In addition, Plaintiff's counsel represents that, per the terms of its retainer agreement, Plaintiff

agreed to a forty percent contingency fee at the outset of this litigation. (Doc. 24, at 3.) As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). While this case is still at an early stage, it is clear that Plaintiff's counsel has expended time on at least the following: investigating and researching Plaintiff's claims; appearing at an initial pre-trial conference and a mediation conference; and negotiating and executing the settlement. A one-third award in this case is far from a windfall for Plaintiff's counsel, but instead represents reasonable compensation for the work put into this case. This conclusion is buttressed by the fact that the requested amount is only 2.5 times the lodestar. *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."). Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### III. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:      May 6, 2020  
               New York, New York

_____  
Vernon S. Broderick  
United States District Judge